**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM LANG,

    Petitioner,

v.                                                            Case No. 8:05-CV-1889-T-24EAJ

JAMES R. MCDONOUGH[1],

    Respondent.
_____/

## ORDER

This cause is before the court upon Petitioner William Lang's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Lang challenges his 2002 convictions for first degree murder and sexual battery entered by the Sixth Judicial Circuit Court, Pinellas County, Florida.  (Dkt. 1).  Respondent has filed a response to the petition (Dkt. 8), and Petitioner has filed a reply thereto (Dkt.10).

### Background

Lang was charged in a two count indictment with first degree murder (Count 1) and sexual battery (Count 2) (Dkt. 9, Ex. A).[2]  Represented by court-appointed counsel, Lang proceeded to jury trial on July 29-31, 2002.  The jury found Lang guilty of both charges.

---

[1] In his petition, Lang names Paul Decker, the Warden of Okaloosa Correctional Institution and former Attorney General Charlie Crist as Respondents.  In its response, Respondents move to have James V. Crosby, Jr., the Secretary of the Department of Corrections, named as the proper party respondent in this case.  As of the date of this order, James R. McDonough is the current Secretary of the Department of Corrections.  As stated *infra*, the Court will grant Respondent's motion and McDonough will be named as Respondent.  *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases (2006).

[2] Lang was charged with shooting Richard Hosking at Hosking's home and sexually assaulting Hosking's daughter.

The state trial court thereafter sentenced Lang to a term of imprisonment of life on Count 1 and a term of thirty years on Count 2 to run consecutively to the sentence imposed on Count 1. (Dkt. 9, Ex. B).

Lang, through court appointed counsel, filed his notice of direct appeal on October 7, 2002. (Dkt. 9, Ex. G). On appeal, he challenged his convictions on the grounds of ineffective assistance of counsel alleging that his trial attorney failed to:

a) investigate Petitioner's behavior and state of mind before the crime;

b) investigate Petitioner's version of events;

c) present a defense; and

d) cross examine the State's witnesses at his suppression hearing and at trial.

(Dkt. 9, Ex. H, p. 16). The state district court of appeal affirmed Lang's convictions without prejudice to any right Lang had to seek appropriate post-conviction relief by order entered on December 24, 2003. (Dkt. 9, Ex. F). *See Lang v. State*, 870 So.2d 129 (Fla. 2d DCA 2003).

On July 8, 2004, Lang, proceeding *pro se*, filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. In his motion, Lang alleged that trial counsel was ineffective in failing to:

a) cross examine the State's witnesses at his suppression hearing and at trial;

b) call Lang as a witness at the suppression hearing;

c) investigate, prepare and present the defense that the shooting was accidental;

d) object to the portion of the prosecutor's opening statement in which the prosecutor introduced Lang as the person responsible for the crimes charged;

e) present mitigating evidence at sentencing; and

    f) the cumulative impact of counsel's errors denied him effective assistance of counsel.

(Dkt. 11, Ex. 3).

On July 26, 2004, the state trial court denied Lang's Rule 3.850 motion. (Dkt. 11, Ex. 4). Lang appealed the adverse ruling, alleging that the state trial court erred by:

    a) applying the wrong legal standard to his first claim for relief;

    b) holding Lang to the same standard as professional counsel;

    c) failing to attach portions of the record to conclusively refute his claims; and

    d) denying his fifth and sixth claims for relief.

(Dkt. 9, Ex. D).

On May 6, 2005, in Case No. 2D04-4555, the state district court of appeal per curiam affirmed the state trial court's denial of post-conviction relief, with the mandate issuing on June 6, 2005.[3]

The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was timely filed in this Court by Lang, *pro se*, on October 11, 2005. Upon review of the record, Lang's petition must be DENIED.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

---

[3] Neither a copy of the order affirming the denial of Lang's Rule 3.850 motion nor the mandate were filed as part of the record in the instant case. The dates of the order and mandate were taken from the docket of the Florida Second District Court of Appeal.

3

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

Since Lang's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Lang's claims. *See Mobley v. Head,*

267 F.3d 1312, 1316 (11th Cir. 2001).

## Standard for Ineffective Assistance of Counsel Claims

In each of his six claims for relief presented in the instant petition, Lang asserts that his right to effective assistance of counsel was violated. To establish a prima facie claim of ineffective assistance of counsel, Lang must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. *Id.* at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "[T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)).

As set forth below, in rejecting Lang's claims on the merits, the state trial court applied the *Strickland* standard of review for ineffective assistance of counsel claims, 466 U.S. at 687. Thus, to establish that he is entitled to relief on these claims pursuant to § 2254, Lang must establish that the state trial court incorrectly applied the *Strickland* standard in reaching its determination that these claims lack merit. *See Parker v. Sec. for Dep't of Corrs.*, 331 F.3d 764, 766 (11th Cir. 2003), *cert. denied*, 540 U.S. 1222 (2004).

## Discussion

**Ground One**

In Ground One of his petition, Lang alleges that his trial attorney was ineffective in

failing to cross examine any of the State's witnesses at trial.  As a result thereof, Lang contends that his attorney "failed to subject the prosecution's case to meaningful adversarial testing and the end result is presumptively unreliable." *See* Dkt. 1, p. 15.  Upon review, this claim must be denied.

A review of the trial transcript shows that the State presented thirteen witnesses at trial. (Dkt. 9, Ex. L, Vols. II-IV).  Lang's attorney did not cross examine any of these witnesses.  Notwithstanding, Lang fails to offer any argument, beyond his generalized assertion that the failure to cross examine the witnesses amounted to a breakdown of the adversarial process, as to what testimony he believes his attorney should have explored on cross examination.  Moreover, he does not present any cogent argument as to how his attorney's decision to refrain from cross examining the State's witnesses equated to a breakdown in the adversarial process in this case in light of the overwhelming evidence against him presented at trial.  While the Court declines to speculate as to the underlying reasons behind counsel's tactical decisions, Lang has not demonstrated that counsel's decision not to cross examine the State's witnesses was anything other than trial strategy. Disagreements by a defendant with tactics and/or strategies will not support a claim of ineffective assistance of counsel; and, a petitioner in habeas corpus must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy.  *See Norman v. Bradshaw*, 2006 WL 3253121at *10 (N.D. Ohio, Nov. 8, 2006) (*citing Strickland*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56,59 (6th Cir. 1990)).  Even assuming, *arguendo,* that such alleged failure by counsel to pursue the strategy Lang now describes amounted to deficient performance, he has made no showing that such actions prejudiced him in any way such that the outcome of his trial would have been different.  Accordingly,

the state court's conclusion that counsel's performance was not deficient under the *Strickland* standard was objectively reasonable and relief on this ground will be denied.

**Ground Two**

Lang contends that his trial attorney was ineffective in failing to cross examine the State's witnesses at the suppression hearing and that his attorney failed to call him as a witness. The issue presented at the suppression hearing was whether Detectives Michael Bailey ("Bailey") and Michael Holbrook ("Holbrook") of the Pinellas County Sheriff's Office told Lang that he was required to speak with them after his arrest regarding their investigation. At the hearing, the State called Bailey and Holbrook as witnesses. (Dkt. 9, Ex. L, Vol. I). Bailey and Holbrook both testified that Lang was provided a form from the Pinellas County Sheriff's Department advising Lang of his Miranda rights and that after reviewing his rights, Lang willingly spoke with the detectives.[4] (Id. at pp. 6-8, 10-11). Lang's attorney did not cross examine either witness nor did Lang testify at the suppression hearing. The defense presented no witnesses or argument at the conclusion of the State's presentation. At the conclusion of the hearing, the state trial court denied Lang's motion to suppress.

In its order denying this claim of ineffective assistance in Lang's Rule 3.850 motion, the state trial court found that counsel did not perform deficiently.[5] (Dkt. 11, Ex. 4). The

---

[4] Both witnesses also testified that Lang's waiver of his Miranda rights and his subsequent statements were tape recorded and that the recording was part of the evidence Bailey brought to the court for trial purposes. (Dkt. 9, Ex. L, Vol. I, pp. 8-9).

[5] Specifically, the state court found, in pertinent part, as follows:

Defendant suggest [sic] no questions that counsel could have asked these witnesses nor any strategy that counsel could have employed to impeach their testimony. The record also indicates that Defendant waived his right to testify. Counsel advised the Court, in Defendant's presence, that

record amply supports the state court's finding. The record clearly shows that counsel advised the state court in Lang's presence at the suppression hearing that Lang elected not to testify.[6] Lang does not argue that he wished to testify or that counsel's representation to the state court of his decision not to testify was erroneous or contrary to any desire he had to testify. Moreover, Lang failed to demonstrate that counsel's decision not to cross examine the State's witnesses was anything other than trial strategy and thus did not demonstrate any prejudice as a result of counsel's actions. Lang has not shown that the state court's resolution of his claim was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Accordingly, there is no basis upon which the Court can find that the state court's adjudication on the merits of this claim of ineffective assistance of counsel was unreasonable under *Strickland* and relief will be denied.

**Ground Three**

Next, Lang contends that he was denied effective assistance of counsel when his attorney "failed to investigate, prepare and present a defense." He asserts that he told police that the gun that killed the victim went off accidentally. He claims that his attorney

---

Defendant decided not to testify, and Defendant did not attempt to correct counsel otherwise.

(Dkt. 11, Ex. 4).

[6] Specifically, the record reflects the following exchange at the conclusion of the presentation of witnesses:

THE COURT:   Any witnesses to be called by the Defense?

MR. MARTIN:  I think Mr. Lang had decided not to testify in this hearing, Your Honor. We have no witnesses.

(Dkt. 9, Ex. L. Vol. I, pp. 12-13).

did not investigate the possibility that the gun accidentally discharged and failed to prepare and present the defense that the shooting was not intentional. Further, Lang claims his attorney failed to cross examine the State's firearms expert at trial and thus failed to question the expert as to the possibility of accidental discharge of the gun.

As a threshold matter, Lang offers no factual support for his claim. The state trial court reviewed the record and found that "counsel investigated the case, taking five depositions of key witnesses, including the sexual battery victim, the murder victim's wife, etc., and had the guidance from at least [fifteen] witness depositions that his prior attorney deposed in developing a defense." (Dkt. 11, Ex. 4). The state trial court further found that counsel did argue the defense of accidental discharge to the jury and that the evidence adduced at trial included Lang's recorded post-Miranda statements that the firearm discharged twice by accident when he hit the gun sitting on the dining room table. (Id.). Lang does not argue to the contrary in the instant motion or even suggest that the state court's finding on these issues was inaccurate or erroneous.

As to the contention that counsel failed to question the firearms expert on the possibility of accidental discharge, the state trial court pointed out that the expert testified that his examination of the murder weapon and its safety devices worked properly and further that it would be impossible for the weapon to accidentally fire twice as Lang contended. (Id.; Dkt. 9, Ex. L, Vol. IV, pp. 551-58). A review of the trial transcripts shows that Lang is correct that his attorney did not cross examine the State's firearms expert. However, Lang has offered no substantial evidentiary support for his accidental discharge theory nor is there any evidence to suggest that the expert would have testified differently had counsel cross examined him. To the contrary, reinforcing the implausibility of Lang's

theory would have done nothing to advance his position.

Lang makes no argument that the state trial court erred in its application of *Strickland* to this claim.  This Court concludes that the state trial court's decision denying this claim of ineffective assistance of counsel is at least minimally consistent with the facts and circumstances of this case, and thus was a reasonable application of *Strickland,* especially in light of the substantial evidence of Lang's guilt.  "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).  This Lang has not done.  Accordingly, relief on Ground Three will be denied.

**Ground Four**

In his fourth claim, Lang asserts that counsel was ineffective in failing to object to statements made by the prosecutor during his opening statement.  Specifically, Lang points to the following comment:

> Let me introduce you to the person I'm talking about, the man responsible for the death of Richard Hosking and the sexual assault of Katie Hosking.  It's this man seated right here at this table, the Defendant, William Scott Lang.

(Dkt. 9, Ex. L. Vol. II, p. 6).  Lang contends that counsel should have objected to this introduction naming him as the person responsible for the crimes charged because: (1) no evidence had yet been presented that Lang was the person responsible for the crimes; (2) these statements gave the jury the impression that Lang was guilty because the prosecutor "said and knew" that Lang was responsible; and (3) these statements invaded the province of the jury by allowing the prosecutor to establish as fact that Lang was the one who committed the crimes.  Lang further argues that counsel's failure to object prejudiced him

10

by: (1) allowing the prosecutor to impress upon the jury the fact that he knew that Lang was guilty and thus effectively tainted the jury; (2) denied Lang an impartial jury; (3) denied Lang a fair trial by declaring him guilty before any evidence was presented; and (4) denied Lang his right not to have the province of the jury invaded by the prosecutor.

The state trial court found this claim of ineffective assistance to be meritless, finding that Lang failed to show prejudice given the overwhelming evidence that supported the prosecutor's comments. Upon review of the testimony presented at trial, including the tape recordings of Lang's post-Miranda statements to police, this Court finds that there was nothing improper about the State's comment during opening statements. The statement made by the prosecutor was amply supported by testimony presented at trial. Thus, there was no reason for counsel to have objected. Moreover, even assuming the prosecutor's statement was improper in some manner and that counsel was deficient in failing to object, Lang has failed to demonstrate that such failure prejudiced him in any way. Having failed to satisfy the *Strickland* standard, relief on this ground of Lang's petition will be denied.

**Ground Five**

In Ground Five, Lang contends his attorney was ineffective in failing to present mitigating factors to the state court at sentencing. Specifically, he claims that his attorney should have presented to the court information relating to his age at the time of the offenses, his mental problems, that he had been abandoned as a baby and placed in foster care, that he was homeless at the time offenses were committed, and that the presentence investigator recommended that he receive "extensive psychological testing and treatment while incarcerated."

As a threshold matter, Lang has not produced any evidence to show that the state court was unaware of these facts at the time of sentencing or that these facts were not contained in the presentence report or that the court failed to review the presentence report. Furthermore, as the state trial court pointed out in its order denying this claim for relief in Lang's Rule 3.850 motion[7], all of the information Lang contends should have been relayed to the court would have been available in the presentence investigation prepared in the case. The state trial court acknowledged receipt of the report and having familiarized itself with the contents and the facts of the case. (Dkt. 11, Ex. 4). The state court also noted that it was clear from the record that Lang received the appropriate sentences based on the seriousness of the offenses, his total lack of remorse for the victims and the overwhelming evidence of guilt. (Id.).

The state trial court's denial of this claim is supported by the record. Moreover, Lang does not assert that his attorney failed to evaluate these alleged mitigating factors nor does he offer any evidence to demonstrate that his attorney's decision to forego reiterating the aforementioned facts to the state trial court at sentencing was the result of anything other than strategic choice. Lang has not demonstrated that his attorney's performance as alleged in this claim prejudiced him in any way or that the outcome of his sentencing proceeding would have been different had his attorney pursued the strategy he now

---

[7] The state trial court's order denying Lang's Rule 3.850 motion references various portions of the sentencing transcript to support its findings. The sentencing transcript from the state court proceedings has not been filed as part of the record in the instant case. Notwithstanding, the Court finds that review of that transcript is not necessary for the disposition of this claim given Lang's failure to demonstrate prejudice as required under the *Strickland* standard.

proposes.[8]  Accordingly, the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, Lang is not entitled to relief on this claim.

**Ground Six**

In his final claim, Lang contends that the cumulative effect of counsel's errors as stated in Grounds One through Five of the instant petition amounted to prejudice.  Given the Court's findings that the claims raised in Grounds One through Five are meritless and do not entitle him to habeas relief, there can be no cumulative effect of prejudice.  Thus, the Court concludes that the state court's rejection of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, United States Supreme Court law and relief on this final claim likewise will be denied.

Accordingly, the Court orders:

(1) that Respondent's motion to substitute the named Respondent in this case is granted (Dkt. 8, ftnt. 1); and
(2) that Lang's petition is denied, with prejudice.  The Clerk is directed to enter judgment against Lang and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

---

[8] The Court notes that it appears that Lang raises this claim of ineffective assistance only to the extent that it related to his sentence for the sexual battery conviction.  In his petition, he asserts that "had counsel presented the mitigating circumstances/evidence to the court, the court may not have sentenced [him] to a term of 30 years incarceration on the sexual battery count."  (Dkt. 1, p. 21).  Lang does not claim that this alleged failure by his attorney to present certain mitigating factors affected his sentence for the murder conviction.

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on February 6, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
William Lang

14